**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| WELLER RECREATION, LLC, a Utah limited liability company,<br><br>    Plaintiff,<br><br>vs.<br><br>DOES 1 through 100; OWNER OF WWW.WELLERRECREATION.COM; CLOUDFLARE, INC., a Delaware Corporation, HOSTING CONCEPTS B.V., dba REGISTRAR.EU, a Netherlands entity,<br><br>    Defendants. | **MEMORANDUM AND DECISION DENYING [18] PLAINTIFF'S RENEWED MOTION TO CONDUCT IMMEDIATE LIMITED DISCOVERY**<br><br>Case No.  2:26-cv-00502-RJS-CMR<br><br>District Judge Robert J. Shelby<br><br>Chief Magistrate Judge Cecilia M. Romero |

This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) (ECF 15). Before the court is Plaintiff Weller Recreation, LLC's (Plaintiff) Renewed Motion for Immediate Limited Discovery (Motion) (ECF 18). For the reasons stated below, the court DENIES the Motion without prejudice.

## I.    BACKGROUND

Plaintiff seeks leave to conduct immediate but limited discovery to identify the individual or entity allegedly operating a counterfeit website impersonating Plaintiff's online outerwear business (*id*. at 1). Plaintiff's requested discovery consists of five interrogatories and three requests for production to be served upon Defendants (*id*. at 2–3).

Importantly, there are three named Defendants in this action: Cloudflare Inc. (Cloudflare), Hosting Concepts B.V. (Hosting), and FNU LNU (FNU). Cloudflare was

voluntarily dismissed as a party on July 14, 2026 (ECF 22). Hosting and FNU (collectively referred to as the remaining Defendants) have not entered an appearance in this action, and the docket does not reflect that proof of service has been filed as to either.

In addition to the above discovery, Plaintiff also "requests the right to issue subpoenas to ICANN and Go-Daddy requesting the same information identified" in the interrogatories and requests for production (ECF 18 at 4).

## II.    LEGAL STANDARD

Generally, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d)(1). However, the court may exercise its broad discretion to "'alter the timing, sequence, and volume of discovery[,]' including by permitting expedited discovery." *Am. Equip. Sys., LLC v. Chester*, No. 2:23-cv-00680-DBB-DBP, 2023 WL 8261427, at *2 (D. Utah Nov. 29, 2023) (quoting *Qwest Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003)). "The party seeking expedited discovery has the burden to show 'good cause for the requested departure from usual discovery procedures.'" *Id*. (quoting *Sunstate Equip. Co., LLC. v. Equip. Share*, No. 2:19-cv-00784, 2020 WL 429479, at *2 (D. Utah Jan. 28, 2020)).

In determining whether good cause exists, courts in this circuit generally consider: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Id*. (quoting *Grayeyes v. Cox*, No. 4:18-cv-00041, 2018 WL 3421340, at *1 (D. Utah July 13, 2018)). "These factors are not binding, and the [c]ourt has discretion on whether to authorize expedited discovery." *Id*. (quoting *Colorado Montana Wyoming State Area Conf. of*

*the NAACP v. U.S. Election Integrity Plan*, No. 22-CV-00581-PAB, 2022 WL 1443057 at \*2 (D. Colo. May 6, 2022)). Even when expedited discovery is appropriate, the requested discovery should be limited and tailored to the good-cause basis for the request. *PPEX, LLC v. Buttonwood*, Inc., No. 21-cv-53-F, 2021 WL 7210184, at \*1–2 (D. Wyo. July 28, 2021). Lastly, "it has been recognized that 'it is well within the court's discretion to decline to authorize expedited discovery.'" *Id*. (quoting *Washington v. Correia*, 546 Fed. App'x. 786, 787 (10th Cir. 2013)).

### III.    DISCUSSION

Plaintiff seeks leave to serve interrogatories and requests for production, however, Cloudflare, the only Defendant that had entered an appearance in this action, has since been voluntarily dismissed (ECF 22). The two remaining Defendants, Hosting and FNU, have not appeared, and the docket does not reflect that proof of service has been filed as to either. The fact that the remaining Defendants have not yet been served complicates Plaintiff's request.

Plaintiff's request consists of interrogatories and requests for production, but these discovery devices are available only as party discovery. Rule 33 permits a party to serve interrogatories on "any other party," and Rule 34 likewise permits a party to serve requests for production on "any other party." Fed. R. Civ. P. 33(a)(1); *Id*. 34(a). By contrast, discovery from a nonparty must generally proceed by subpoena under Rule 45. *See* Fed. R. Civ. P. 34(c).

Because interrogatories and requests for production can only be served on a party, an order permitting Plaintiff to serve those requests on Defendants who have not yet been served or appeared is premature. The court therefore denies, without prejudice, Plaintiff's request to serve interrogatories and requests for production. Plaintiff may renew its request to serve these discovery requests after filing proof of service as to one or both remaining Defendants.

Plaintiff also seeks leave to issue subpoenas to ICANN and GoDaddy for the same information identified in the Motion (ECF 18 at 4). The court denies that request without prejudice. Although Rule 26(d)(1) permits the court to authorize early discovery from "any source," subpoenas directed to nonparties must comply with Rule 45. *See* Fed. R. Civ. P. 45. Plaintiff has not provided the proposed subpoenas to the court. The court, therefore, cannot determine whether the proposed subpoenas are properly limited, whether they allow a reasonable time to comply, whether they impose an undue burden, or whether they otherwise comply with Rule 45.

In addition, Rule 45 requires that before the subpoena is served on the party to whom it is directed, "a notice and a copy of the subpoena must be served on each party." Fed. R. Civ. P. 45(a)(4). Here, the remaining Defendants have not been served or appeared in this action, and the Motion does not address how Plaintiff proposes to satisfy Rule 45(a)(4)'s advance notice requirement under the present circumstances. For this additional reason, the court denies Plaintiff's request for leave to issue Rule 45 subpoenas without prejudice.

## IV.    CONCLUSION

For the reasons stated above, the court DENIES the Motion without prejudice.

DATED this 17 July 2026.

Chief Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah

4